Gustavo Ponce, Esq.
Nevada Bar No. 15084
Mona Amini, Esq.
Nevada Bar No. 15381
**KAZEROUNI LAW GROUP, APC**
6787 W. Tropicana Ave., Suite 250
Las Vegas, Nevada 89103
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523
E-mail: gustavo@kazlg.com
E-mail: mona@kazlg.com

*Attorneys for Plaintiff,*
MARGARET MARTINEZ

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MARGARET MARTINEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>HOPE CREDIT, LLC,<br><br>Defendant. | Case No.: 2:23-cv-1003<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, *ET SEQ*.**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiff MARGARET MARTINEZ ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action for damages and injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant HOPE CREDIT, LLC ("Defendant") in negligently, knowingly and/or willfully transmitting unsolicited, calls using an artificial or prerecorded voice, to cellular telephones of consumers, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., ("TCPA"), thereby invading the privacy of Plaintiff and the putative class members.

2.     Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3.     Upon information and belief, Defendant placed automated calls using an artificial or prerecorded voice to Plaintiff and others similarly situated without their prior express written consent in order to solicit business. This is exactly the type of telephonic contact the TCPA was designed to prevent.

4.     Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, vendors, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendants.

## NATURE OF THE ACTION

5.     In 1991, Congress passed the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*., ("TCPA"), in response to complaints about certain telemarketing practices.

6.     In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.  Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12.

7.     The Federal Trade Commission ("FCC") is charged with the authority to issue regulations implementing the TCPA. According to findings by the FCC,

prerecorded and artificial are prohibited under the TCPA because receiving them is a greater invasion of privacy and nuisance compared to live solicitation calls. The FCC has also acknowledged that wireless customers are charged for any incoming calls and text messages.

8. In 2015, the FCC noted, "[m]onth after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the Commission." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 1 (2015).

9. The transmission of an unsolicited calls and voice messages to a cellular device, using an artificial or prerecorded voice, is distracting and aggravating to the recipient and intrudes upon the recipient's seclusion.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case arises out of violation of federal law, 47 U.S.C § 227(b).

11. Because Defendant directs and conducts business within the State of Nevada and this judicial district, personal jurisdiction is established.

12. Personal jurisdiction and venue are proper in the District of Nevada pursuant to 28 U.S.C. § 1391 for the following reasons: (1) Defendant's principal place of business is located in the District and Defendant is deemed to reside in any judicial district in which it maintains its principal place of business; (2) the conduct complained of herein occurred within this judicial district; and (3) Defendant conducted business within this judicial district at all times relevant. Specifically, Defendant invaded Plaintiff's privacy by contacting Plaintiff on her cellular telephone, while Defendant resided in Las Vegas, Nevada, which is within this judicial district.

//
//

# PARTIES

13. Plaintiff is an individual residing in the County of Duval, State of Florida, and is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

14. Upon information and belief, Plaintiff alleges that Defendant is a limited liability company whose state of incorporation is Nevada with a principal place of business in Nevada, and within this judicial district, at 6375 S. Pecos Road, Suite 224, Las Vegas, Nevada 89120.

15. Defendant is a limited liability company that offers federal student loan management services such as loan forgiveness, repayment assistance and debt consolidation.

16. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17. At all times relevant herein, Defendant conducted business in the State of Nevada, and within this judicial district. Because Defendant conducts business in the State of Nevada, personal jurisdiction is established.

18. Venue is proper in the United States District Court for the District of Nevada pursuant to 18 U.S.C. § 1391 because the conduct complained of herein occurred within this judicial district and many of the acts and transactions giving rise to this action occurred in this district because:

   a) Defendant is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;
   b) Defendant does substantial business within this district;
   c) Defendant is subject to personal jurisdiction in this judicial district because Defendant has availed itself of the laws and markets within this district; and,
   d) the harm to Plaintiff originated from within this judicial district.

# FACTUAL ALLEGATIONS

19. Plaintiff is, and at all times mentioned herein was, the subscriber of the cellular telephone number ending in 1215 (the "1215 Number"). The 1215 Number is, and at all times mentioned herein was, assigned to a residential telephone as specified in 47 U.S.C. § 227(b)(1)(B).

20. On or about September 29, 2018, Plaintiff registered the 1215 Number on the National Do Not Call Registry.

21. On or around February 2, 2023, Plaintiff received a telemarketing call from Defendant from the phone number (904) 326-8039.

22. When Plaintiff answered the call, a prerecorded voice greeted Plaintiff and asked if Plaintiff owed more than $10,000. After Defendant's artificial or prerecorded voice message greeting, Plaintiff was transferred to one of Defendant's agents, Austin Rai ("Mr. Rai"), who attempted to present Plaintiff information about Defendant's debt management services.

23. At no point prior to the above-mentioned call did Plaintiff provide Defendant with her express consent to be contacted on her cell phone, or the 1215 Number, or by a prerecorded or artificial voice.

24. At no point prior to the above-mentioned call did Plaintiff sign up to receive Defendant's services.

25. Under the TCPA it is unlawful for a company, like Defendant, "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(B)(1)(B).

26. Plaintiff is not a current customer of Defendant, nor has Plaintiff ever contacted Defendant to inquire about Defendant's services.

27. Because Plaintiff is alerted when a call is received to Plaintiff's cellular device, the unsolicited call that Defendant transmitted to Plaintiff's cellular device, using an artificial or prerecorded voice, invaded Plaintiff's privacy and distracted

Plaintiff upon receipt.

28. Upon information and belief, Defendant sent the aforementioned calls to Plaintiff's cellular telephone using a telephone number that is leased by Defendant or Defendant's agent(s) or affiliate(s) and is used for operating Defendant's marketing campaign.

29. Upon information and belief, Defendant sent or transmitted, or had sent or transmitted on its behalf, the same or substantially similar unsolicited artificial or prerecorded voice calls to thousands of customers' cellular telephones during the class period.

30. The calls at issue sent by Defendant constituted an "advertisement" and/or "telemarketing" as prohibited by the TCPA because Defendant placed the calls to Plaintiff's cellular telephone in order to advertise its debt management services, and also for the purpose of advertising its business to Plaintiff in the future.

31. Defendant's unsolicited telephonic communication to Plaintiff was made utilizing an artificial or prerecorded voice. 47 U.S.C. § 227(b)(1)(B).

32. Plaintiff never provided "prior express consent' or any other form of consent to Defendant or any affiliate, subsidiary, or agent of Defendant to place calls to the 1215 Number using an "artificial or prerecorded voice" as prohibited by 47 U.S.C § 227(b)(1)(B).

33. Defendant's telephonic communications to Plaintiff were not made for emergency purposes. 47 U.S.C. § 227(b)(1)(B).

34. Defendant's telephonic communications to Plaintiff were not made for any debt collection owed to the United States. 47 U.S.C. § 227(b)(1)(B).

35. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

36. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated that Defendant frequently annoyed Plaintiff

CLASS ACTION COMPLAINT

with an uninvited marketing call without Plaintiff's prior express consent. Plaintiff was frustrated and distressed that Defendant annoyed Plaintiff with unwanted telephonic solicitations, without Plaintiff's prior express written consent.

37. Defendant's telephonic communications forced Plaintiff and Class members to live without the utility of their cellular telephones by forcing Plaintiff and Class members to silence their cellular telephones and/or block incoming numbers and/or interrupted their desired use of their cellular telephones.

38. The TCPA was intended to give individuals control over how and where they receive telephonic communications. When Defendant made such artificial or prerecorded voice calls to consumers without their consent, Defendant failed to respect the limitations imposed by the TCPA. Through such conduct, Defendant invaded Plaintiff and similarly situated persons' privacy and violated the spirit and intent behind the TCPA, and will likely continue to do so.

39. Through the above conduct, violated 47 U.S.C. §§ 227, *et seq*.

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings this action on behalf of Plaintiff and all others similarly situated (the "Class").

41. Plaintiff represents, and is a member of, the Class, pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3), which is defined as follows:

> All persons within the United States who received any artificial or prerecorded voice calls or voicemails, from Defendant and/or its employees and/or agents, to said person's telephone, within the four (4) years prior to the filing of the Complaint.

42. Excluded from the Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

43. Plaintiff reserves the right to redefine the Class, and to add and redefine

any additional subclass as appropriate based on discovery and specific theories of liability.

44. The Class that Plaintiff seeks to represent contains numerous members and is clearly ascertainable including, without limitation, by using Defendant's records to determine the size of the Class and to determine the identities of individual Class members.

**Numerosity**

45. The Class members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the Class is currently unknown to Plaintiff at this time. However, given that, on information and belief, Defendant sent or transmitted, or had sent or transmitted on its behalf, unsolicited telephonic communications utilizing artificial or prerecorded voice to hundreds, if not thousands, of individuals' cellular telephones nationwide during the proposed Class period, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

**Commonality**

46. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. Those common questions of law and fact include, without limitation, the following:

a) Whether within the four years prior to the filing of this Complaint, Defendant or employees or agents transmitted any marketing calls without the prior express written consent of Plaintiff and Class members using an "artificial or prerecorded voice";

b) Whether Defendant can meet its burden to show Defendant obtained prior express written consent (as defined by 47 C.F.R. 64.1200(f)(8)) to make the marketing calls complained of, assuming such an affirmative defense is raised;

    c) Whether Defendant's conduct was knowing and/or willful;

    d) Whether Plaintiff and the members of the Class were damaged thereby, and the extent of damages for such violation; and,

    e) Whether Defendant or affiliates, subsidiaries, or agents of Defendant should be enjoined from engaging in such conduct in the future.

### Typicality

47. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom they are similarly situated, and Plaintiff's claims (or defenses, if any) are typical of all Class members, as demonstrated herein.

48. Plaintiff represents and is a Class member of the Class because Plaintiff received at least one marketing call through the use of an artificial or prerecorded voice, without providing prior express written consent to the Defendant within the meaning of the TCPA. Consequently, the claims of Plaintiff are typical of the claims of Class members and Plaintiff's interests are consistent with and not antagonistic to those of the other Class members Plaintiff seeks to represent.

49. Plaintiff and all members of the Class have been impacted by, and face continuing harm arising out of, Defendant's violations or misconduct as alleged herein.

### Adequacy

50. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom Plaintiff is similarly situated, as demonstrated herein due to receipt of artificial or prerecorded voice calls without consent. Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationship, conflicts, or differences with any Class member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. Neither Plaintiff nor

Plaintiff's counsel have any interests adverse to those of the other Class members.

**Predominance**

51. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members of the class. The elements of the legal claims brought by Plaintiff and members of the Class are capable of proof at trial through evidence that is common to the class rather than individual to its members.

**Superiority**

52. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Even if every individual Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required.

53. Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, conducting this action as a class action will present fewer management difficulties, conserve the resources of the parties and the court system, and protect the rights of each Class member. Further, it will prevent the very real harm that would be suffered by numerous Class members who will be unable to enforce individual claims of this size on their own, and by Defendant's competitors, who will be placed at a competitive disadvantage because they chose to obey the law. Plaintiff anticipates no difficulty in the management of this case as a class action.

54. The prosecution of separate actions by individual Class members may create a risk of adjudications with respect to them that would, as a practical matter,

be dispositive of the interests of other Class members not parties to those adjudications, or that would otherwise substantially impair or impede the ability of those non-party Class members to protect their interests.

55. The prosecution of individual actions by Class members would establish inconsistent standards of conduct for Defendant.

56. Defendant has acted or refused to act in ways generally applicable to the Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Class as a whole. Likewise, Defendant's conduct as described above is unlawful, is capable of repetition, and will continue unless restrained and enjoined by the Court.

57. The Class may also be certified because:
- (a) the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members, which would establish incompatible standards of conduct for Defendants;
- (b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and,
- (c) Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

58. This suit seeks only damages and injunctive relief for recovery of statutory damages on behalf of Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.

//
//

CLASS ACTION COMPLAINT

# CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TCPA

### 47 U.S.C. §§ 227, *ET SEQ.*

59. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully stated herein.

60. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq*.

61. As a result of Defendant's negligent violations of 47 U.S.C. § 227, Plaintiff and all Class members are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

62. As a result of Defendant's negligent violations of 47 U.S.C. § 227, Plaintiff and all Class members are also entitled to, and do seek, an award of $500.00 statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

## SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA

### 47 U.S.C. §§ 227, *ET SEQ.*

63. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully stated herein.

64. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq*.

65. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq*., Plaintiff and all Class members are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

66. As a result of Defendant's knowing and/or willful violations of 47

U.S.C. § 227, *et seq.*, Plaintiff and all Class members are also entitled to, and do seek, an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself individually and members of the Class, prays for the following relief:

- An order certifying this action as a Class Action pursuant to Federal Rule of Civil Procedure 23, establishing the Class and any appropriate sub-classes that the Court may deem appropriate;
- Appointing Plaintiff as the Class Representative;
- Appointing the law firms representing Plaintiff as Class Counsel;
- An award of $500.00 in statutory damages to Plaintiff and each Class member for each and every negligent violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(B);
- An award of $1,500.00 in statutory damages to Plaintiff and each Class member for each and every knowing and/or willful violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pre-judgment and post-judgment interest to the extent permissible by law;
- An order providing injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A);
- Costs of suit;
- An award of reasonable attorneys' fees and costs to Plaintiff and the Class, pursuant to, *inter alia*, the common fund doctrine;
- Any other further relief that the Court may deem just and proper.

//
//
//
//

**DEMAND FOR JURY TRIAL**

67. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

DATED this 29th day of June 2023.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: */s/ Gustavo Ponce*
GUSTAVO PONCE, ESQ.
MONA AMINI, ESQ.
6787 W. TROPICANA AVE., STE 250
LAS VEGAS, NV 89103
*Attorneys for Plaintiff*