R. CHRISTOPHER READE, ESQ.
Nevada Bar No. 006791
P. ROWLAND GRAFF, ESQ.
Nevada Bar No. 015050
CORY READE DOWS & SHAFER
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Telephone: (702) 794-4411
Facsimile: (702) 794-4421
creade@crdslaw.com
rgraff@crdslaw.com
Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARGARET MARTINEZ, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOPE CREDIT, LLC,<br><br>Defendants. | CASE NO.:   23-CV-01003-BNW |

**DEFENDANT CONSORTIUM CORPORATION'S ANSWER TO COMPLAINT**

COMES NOW Defendant Consortium Corporation incorrectly identified as Hope Credit, L.L.C. [collectively referred to as "Answering Defendant"], by and through its attorney, the law firm of Cory Reade Dows & Shafer, and hereby files its Answer to the Complaint and allege and respond as follows: Answering Defendants deny each and every paragraph contained within the Complaint on file herein except those matters that are expressly addressed or admitted hereinafter, or which are determined to constitute admissions against Plaintiffs' interest.

**INTRODUCTION**

1.   Answering Paragraph 1 of the Complaint, Answering Defendant denies the allegations contained therein.

2.   Answering Paragraph 2 of the Complaint, Answering Defendant is without sufficient information or knowledge upon which to formulate a belief as to the truth or falsity of

the allegations contained therein, and upon said grounds, denies each and every allegation contained therein.

3. Answering Paragraph 3 of the Complaint, Answering Defendant denies the allegations contained therein.

4. Answering Paragraph 4 of the Complaint, Answering Defendant is not required to answer because Paragraph 4 does not make any allegation towards Answering Defendant and to the extent that any allegations are made, upon said grounds, denies each and every allegation contained therein.

5. Answering Paragraph 5 of the Complaint, Answering Defendant states that the statute speaks for itself. Answering Defendant denies the allegations so far as they are inconsistent with the actual language of the statute.

6. Answering Paragraph 6 of the Complaint, Answering Defendant states that the public law speaks for itself. Answering Defendant denies the allegations so far as they are inconsistent with the actual language of the public law.

7. Answering Paragraph 7 of the Complaint, Answering Defendant is without sufficient information or knowledge upon which to formulate a belief as to the truth or falsity of the allegations contained therein, and upon said grounds, denies each and every allegation contained therein.

8. Answering Paragraph 8 of the Complaint, Answering Defendant states that the Rules and Regulations speak for themself. Answering Defendant denies the allegations so far as they are inconsistent with the actual language of the Rules and Regulations.

9. Answering Paragraph 9 of the Complaint, Answering Defendant is without sufficient information or knowledge upon which to formulate a belief as to the truth or falsity of the allegations contained therein, and upon said grounds, denies each and every allegation contained therein.

## JURISDICTION AND VENUE

10. Answering Paragraph 10 of Plaintiff's Complaint, Answering Defendant admits that this Court has jurisdiction of over cases which arise under federal law pursuant to 28. U.S.C. 1331. Answering Defendant denies that there has been any violation of federal law.

11. Answering Paragraph 11 of Plaintiff's Complaint, Answering Defendant denies that Hope Credit, LLC conducts any business in the State of Nevada, as no company with the name of Hope Credit, LLC is registered as a business in Nevada. Hope Credit is a dba of Consortium Corporation, which is registered in the State of Nevada.

12. Answering Paragraph 12 of the Complaint, Answering Defendant Answering Defendant denies that Hope Credit, LLC does any business in the State of Nevada as no company with the name of Hope Credit, LLC is registered as a business in Nevada. Hope Credit is a dba of Consortium Corporation, which is registered in the State of Nevada.

## PARTIES

13. Answering Paragraph 13 of the Complaint, Answering Defendant is without sufficient information or knowledge upon which to formulate a belief as to the truth or falsity of the allegations contained therein, and upon said grounds, denies each and every allegation contained therein.

14. Answering Paragraph 14 of the Complaint, Answering Defendant denies that Hope Credit, LLC is a limited liability company registered in the State of Nevada. Hope Credit is a dba of Consortium Corporation, which is registered in the State of Nevada.

15. Answering Paragraph 15 of the Complaint, Answering Defendant denies the allegations contained therein.

16. Answering Paragraph 16 of the Complaint, Answering Defendant denies the allegations contained therein.

17. Answering Paragraph 17 of the Complaint, Answering Defendant denies the allegations contained therein.

18. Answering Paragraph 18 of the Complaint, Answering Defendant denies the allegations contained therein because Hope Credit, LLC does not conduct any business in the State of Nevada as no company with the name of Hope Credit, LLC is registered as a business in Nevada. Hope Credit is a dba of Consortium Corporation, which is registered in the State of Nevada.

   a. Answering Paragraph 18a of the Complaint, Answering Defendant denies the allegations contained therein.

   b. Answering Paragraph 18b of the Complaint, Answering Defendant denies the allegations contained therein.

   c. Answering Paragraph 18c of the Complaint, Answering Defendant denies the allegations contained therein.

   d. Answering Paragraph 18a of the Complaint, Answering Defendant is without sufficient information or knowledge upon which to formulate a belief as to the truth or falsity of the allegations contained therein, and upon said grounds, denies each and every allegation contained therein.

## FACTUAL ALLEGATIONS

19. Answering Paragraph 19 of the Complaint, Answering Defendant is without sufficient information or knowledge upon which to formulate a belief as to the truth or falsity of the allegations contained therein, and upon said grounds, denies each and every allegation contained therein.

20. Answering Paragraph 20 of the Complaint, Answering Defendant is without sufficient information or knowledge upon which to formulate a belief as to the truth or falsity of the remainder of the allegations contained therein, and upon said grounds, denies each and every allegation contained therein.

21. Answering Paragraph 21 of the Complaint, Answering Defendant admits that its agent had contacted Plaintiff. Answering Defendant is without sufficient information or knowledge

upon which to formulate a belief as to the truth or falsity of the remainder of the allegations contained therein, and upon said grounds, denies each and every allegation contained therein.

22. Answering Paragraph 22 of Plaintiff's Complaint, admits that its agent had contacted Plaintiff. Answering Defendant is without sufficient information or knowledge upon which to formulate a belief as to the truth or falsity of the remainder of the allegations contained therein, and upon said grounds, denies the allegation contained therein.

23. Answering Paragraph 23 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein.

24. Answering Paragraph 24 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein.

25. Answering Paragraph 25 of Plaintiff's Complaint, Answering Defendant states that the statute speaks for itself. Answering Defendant denies the allegations so far as they are inconsistent with the actual language of the statute.

26. Answering Paragraph 26 of Plaintiff's Complaint, Answering Defendant admits that she is not a current customer. Answering Defendant denies the remaining allegations contained therein.

27. Answering Paragraph 27 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein.

28. Answering Paragraph 28 of Plaintiff's Complaint, Answering Defendant denies the allegation contained therein.

29. Answering Paragraph 29 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein.

30. Answering Paragraph 30 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein.

31. Answering Paragraph 31 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein. Further, Answering Defendant states that the statute speaks for itself.

Answering Defendant denies the allegations so far as they are inconsistent with the actual language of the statute.

32. Answering Paragraph 32 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein. Further, Answering Defendant states that the statute speaks for itself. Answering Defendant denies the allegations so far as they are inconsistent with the actual language of the statute.

33. Answering Paragraph 33 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein. Further, Answering Defendant states that the statute speaks for itself. Answering Defendant denies the allegations so far as they are inconsistent with the actual language of the statute.

34. Answering Paragraph 34 of Plaintiff's Complaint, Answering Defendant is without sufficient information or knowledge upon which to formulate a belief as to the truth or falsity of the remainder of the allegations contained therein, and upon said grounds, denies the allegation contained therein. Further, Answering Defendant states that the statute speaks for itself. Answering Defendant denies the allegations so far as they are inconsistent with the actual language of the statute.

35. Answering Paragraph 35 of Plaintiff's Complaint, Answering Defendant denies the allegation contained therein.

36. Answering Paragraph 36 of Plaintiff's Complaint, Answering Defendant denies the allegation contained therein.

37. Answering Paragraph 37 of Plaintiff's Complaint, Answering Defendant denies the allegation contained therein.

38. Answering Paragraph 38 of Plaintiff's Complaint, Answering Defendant states that the statute speaks for itself. Answering Defendant denies the allegations so far as they are inconsistent with the actual language of the statute.

39. Answering Paragraph 39 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein. Further, Answering Defendant states that the statute speaks for itself.

Answering Defendant denies the allegations so far as they are inconsistent with the actual language of the statute.

## CLASS ACTION ALLEGATIONS

40. Answering Paragraph 40 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein.

41. Answering Paragraph 41 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein. Further, Answering Defendant states that the Federal Rule of Civil Procedure speaks for themself. Answering Defendant denies the allegations so far as they are inconsistent with the actual language of the Federal Rule of Civil Procedure.

42. Answering Paragraph 42 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein.

43. Answering Paragraph 43 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein.

44. Answering Paragraph 44 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein.

**Numerosity**

45. Answering Paragraph 45 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein.

**Commonality**

46. Answering Paragraph 46 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein.

   a. Answering Paragraph 46a of Plaintiff's Complaint, Answering Defendant is not required to answer because Paragraph 46a does not make any allegation towards Answering Defendant and to the extent that any allegations are made, upon said grounds, denies each and every allegation contained therein.

   b. Answering Paragraph 46b of Plaintiff's Complaint, Answering Defendant is not required to answer because Paragraph 46b does not make any allegation

towards Answering Defendant and to the extent that any allegations are made, upon said grounds, denies each and every allegation contained therein.

    c. Answering Paragraph 46c of Plaintiff's Complaint, Answering Defendant is not required to answer because Paragraph 46c does not make any allegation towards Answering Defendant and to the extent that any allegations are made, upon said grounds, denies each and every allegation contained therein.

    d. Answering Paragraph 46d of Plaintiff's Complaint, Answering Defendant is not required to answer because Paragraph 46d does not make any allegation towards Answering Defendant and to the extent that any allegations are made, upon said grounds, denies each and every allegation contained therein.

    e. Answering Paragraph 46e of Plaintiff's Complaint, Answering Defendant is not required to answer because Paragraph 46e does not make any allegation towards Answering Defendant and to the extent that any allegations are made, upon said grounds, denies each and every allegation contained therein.

**Typicality**

47. Answering Paragraph 47 of Plaintiff's Complaint, Answering Defendant is without sufficient information or knowledge upon which to formulate a belief as to the truth or falsity of the remainder of the allegations contained therein, and upon said grounds, denies the allegation contained therein.

48. Answering Paragraph 48 of Plaintiff's Complaint, Answering Defendant is without sufficient information or knowledge upon which to formulate a belief as to the truth or falsity of the remainder of the allegations contained therein, and upon said grounds, denies the allegation contained therein.

49. Answering Paragraph 49 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein.

**Adequacy**

50. Answering Paragraph 50 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein. Further, Answering Defendant states that the statute speaks for itself. Answering Defendant denies the allegations so far as they are inconsistent with the actual language of the statute.

**Predominance**

51. Answering Paragraph 51 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein.

**Superiority**

52. Answering Paragraph 49 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein.

53. Answering Paragraph 53 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein.

54. Answering Paragraph 54 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein.

55. Answering Paragraph 55 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein.

56. Answering Paragraph 56 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein.

57. Answering Paragraph 57 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein.

   a. Answering Paragraph 57a of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein.

   b. Answering Paragraph 57b of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein.

   c. Answering Paragraph 57c of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein.

58. Answering Paragraph 58 of Plaintiff's Complaint, Answering Defendant is without sufficient information or knowledge upon which to formulate a belief as to the truth or falsity of the remainder of the allegations contained therein, and upon said grounds, denies the allegation contained therein.

**FIRST CAUSE OF ACTION**
**(Negligence Violation of the TCPA)**
47 U.S.C. §§ 227 *Et Seq*.

59. Answering Paragraph 59 of the Complaint, Answering Defendant incorporate by reference all of the foregoing paragraphs as if fully set forth herein.

60. Answering Paragraph 60 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein.

61. Answering Paragraph 61 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein.

62. Answering Paragraph 61 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein.

**SECOND CAUSE OF ACTION**
**(Knowing and/or Willful Violation of the TCPA)**
47 U.S.C. §§ 227 *Et Seq*.

63. Answering Paragraph 63 of the Complaint, Answering Defendant incorporate by reference all of the foregoing paragraphs as if fully set forth herein.

64. Answering Paragraph 64 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein.

65. Answering Paragraph 65 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein.

66. Answering Paragraph 66 of Plaintiff's Complaint, Answering Defendant denies the allegations contained therein.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim against Answering Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are not well grounded in fact and are not warranted by existing law or good faith argument for the extension or modification of existing law but pursued only for the purpose of harassment, unnecessary delay, and the incurrence of needless cost of litigation to Answering Defendant.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has suffered no legally recognizable harm or damage as a result of the alleged acts of Answering Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

At all relevant times, Answering Defendant acted in conformity with TCPA and applicable Federal and Nevada law and a reasonable manner in discharging Answering Defendant's duties.

**FIFTH AFFIRMATIVE DEFENSE**

At all relevant times, Answering Defendant acted in good faith and in a lawful manner towards Plaintiff, and acted without intent to inflict harm or damage and did not inflict harm or damage.

**SIXTH AFFIRMATIVE DEFENSE**

At all relevant times, Answering Defendant acted with due care and diligence and therefore, Answering Defendant breached no duty, if any, owed to Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

Answering Defendants deny each and every allegation contained in the Complaint not specifically admitted.

### EIGHTH AFFIRMATIVE DEFENSE

The actions of Answering Defendant in no way caused or contributed to the Plaintiff's injuries and/or damages, if any.

### NINTH AFFIRMATIVE DEFENSE

Any damages which the Plaintiff may have sustained by reason of the allegations contained in the Complaint were proximately caused and/or contributed to the acts and/or omissions of persons and/or entities other than Answering Defendant, and therefore, Plaintiff is not entitled to any relief from Answering Defendant and/or liability if any, must be limited by the percentage of fault actually attributable to it.

### TENTH AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiff was caused by an independent, superseding cause or causes over which Answering Defendant had no control or authority.

### ELEVENTH AFFIRMATIVE DEFENSE

The events referred to in and injuries, if any, arising therefrom, were caused by the acts of a third person or persons over whom Answering Defendant had no control, including but not limited to the acts or omissions of Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

At all times relevant to the Complaint, Answering Defendant acted pursuant to all of its obligations, if any, and were justified or privileged in its actions.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's acts, omissions, negligence, or intentional misconduct made it impossible for Answering Defendant to perform its alleged obligation, if any.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by force majeure.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from recovering any relief in this Action.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has waived any right to seek relief in this action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's allegation of damages violates FRCP 8

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to name necessary and indispensable parties.

### NINTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every claim for relief contained therein, is barred by failure to plead or proof actual or proximate causation.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's unreasonable delay in advising Answering Defendant of any claims in this action, all of which prejudiced Answering Defendant in the defense of the action, bars or diminishes Plaintiff's recovery herein under the doctrines of estoppel, waiver, or laches.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The relief sought by Plaintiff is barred by the doctrine of unclean hands.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate Plaintiff's damages, as Plaintiff has failed to exercise reasonable care and diligence to avoid loss and minimize Plaintiff's damages, if any, thus barring or limiting the recovery sought by Plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The incidents alleged in the Complaint, and the resulting damage, if any, to Plaintiff, was proximately caused or contributed to by the Plaintiff's own negligence and bad acts, and such negligence and bad acts were greater than the negligence and bad acts, if any, of Answering Defendant.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Answering Defendant is informed and believes and thereon alleges that at all times relevant herein, the damages suffered by Plaintiff, if any, were not the result of any misconduct, malfeasance, breach, or other activity on the part of Answering Defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Answering Defendant is informed and believes and thereon alleges that Plaintiff has failed to satisfy one or more express or implied conditions precedent to any obligations allegedly owed to Plaintiff.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim is excessive, overstated, and/or exaggerated.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Any and all damages complained of by Plaintiff was caused by Plaintiff's own actions and inactions.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are non-perfected, invalid, and unenforceable.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Answering Defendant has been caused to employ counsel to defend this action and is entitled to reasonable attorney's fees.

### THIRTIETH AFFIRMATIVE DEFENSE

Answering Defendant has valid legal or equitable excuses for any claims raised by Plaintiff.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Pursuant to Federal Rules of Civil Procedure, Answering Defendant reserves the right to amend this Answer to add additional affirmative defenses as discovery progresses and new facts come to light and to pursue sanctions against Plaintiff due to the specious and baseless allegations contained in their Complaint.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

On the basis that no discovery has been initiated and the facts have not been fully developed, Answering Defendant incorporates and affirmatively pleads all defenses listed in the Federal Rules of Civil Procedure that may be applicable to this case and specifically reserves the right to raise any objections and defenses contained therein including, without limitation, assumption of risk, contributory negligence, failure of conditions precedent, estoppel, illegality, laches, failure of consideration, and any other matter constituting an avoidance or affirmative defense.

WHEREFORE, Answering Defendant Hope Credit, L.L.C. respectfully requests the following relief:

1. That Plaintiffs take nothing by way of their Complaint against Answering Defendants, thereby dismissing Plaintiffs' Complaint with prejudice in its entirety;
2. That Plaintiffs not be awarded attorney fees and costs of suit against Answering Defendants in obtaining its requested relief;
3. For an award of reasonable attorney's fees and costs of suit; and
4. For any and all such other and further relief as the Court may deem appropriate under the circumstances.

DATED this 26th day of July, 2023.

CORY READE DOWS & SHAFER

By: /s/ R. Christopher Reade
TIMOTHY S. CORY, ESQ.
Nevada Bar No.001972
R. CHRISTOPHER READE, ESQ.
Nevada Bar No. 006791
P. ROWLAND GRAFF, ESQ.
Nevada Bar No. 015050
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Telephone: (702) 794-4411
Facsimile: (702) 794-4421
creade@crdslaw.com
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am a representative of CORY READE DOWS & SHAFER that on this 26th day of July, 2023, I caused the foregoing Defendant Hope Credit, L.L.C.'s Answer to Complaint be served as follows:

■ ECF System:
Gustavo Ponce, Esq.
Mona Amini, Esq.
**KAZEROUNI LAW GROUP, APC**
6787 W. Tropicana Ave., Suite 250
Las Vegas, Nevada 89103
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
E-mail: gustavo@kazlg.com
E-mail: mona@kazlg.com
*Attorneys for Plaintiff,*
MARGARET MARTINEZ

☐ By First-Class United States Mail, postage prepaid upon the following Parties, for whom no compliance with the Electronic Service requirements has been undertaken:

☐ Personal Service upon the following parties or their Counsel:

☐ By direct email upon the following Parties, for whom I did not receive, within a reasonable time indication that the transmission was unsuccessful:

☐ By fax or other electronic transmission with upon the following Parties, for which proof of successful transmission is attached hereto:

/s/ Carol Ann Weber
A Representative of CORY READE DOWS & SHAFER